UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. _____

ROSEANNE ALVAREZ, individually
and on behalf of all others similarly
situated,

    Plaintiff,
vs.

EXXONMOBIL OIL CORPORATION,

    Defendant.
_____/

**NOTICE OF REMOVAL OF CIVIL ACTION**

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, defendant EXXONMOBIL OIL CORPORATION ("ExxonMobil" or "Defendant") hereby removes this action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, and styled as Case No. 2023-001114-CA-01 (the "State Court Action"), to the United States District Court for the Southern District of Florida, Miami Division. In support of removal, ExxonMobil states as follows:

**I.    BACKGROUND**

1. On January 23, 2023, Plaintiff Roseanne Alvarez ("Plaintiff"), individually and on behalf of all others similarly situated, commenced a putative class action by filing a Class Action Complaint ("Complaint") against ExxonMobil. A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2. On February 6, 2023, ExxonMobil was served with the Complaint. A true and correct copy of the Service of Process is attached hereto as **Exhibit B**.

3. True and correct copies of all process, pleadings, and orders in the State Court Action not previously referenced are attached hereto as **Exhibit C**.

4. The Complaint alleges that ExxonMobil sent text messages to Plaintiff and putative class members without having secured prior express written consent in purported violation of the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059 and Senate Bill No. 1120 (Ex. A ¶¶ 1 & 22).

5. This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is filed within thirty (30) days after Plaintiff's service of the Complaint upon ExxonMobil.

6. Nothing in this Notice of Removal shall constitute a waiver of ExxonMobil's right to assert any defense, including motions pursuant to Federal Rule of Civil Procedure 12, as the case progresses.

II. **VENUE**

7. The basis for removal and this Court's original jurisdiction derives from 28 U.S.C. § 1332. This is a purported class action in which the Complaint alleges that the putative class member number is "at least several thousand persons," and that such persons "received at least tens of thousands of telephonic sales calls by or on behalf of Defendant since July 1, 2021." (Ex. A, ¶ 31). Plaintiff also alleges that her and all class members are entitled to an award of $500 in statutory damages for each violation of the FTSA or $1,500 per willful violation, making Plaintiff's claimed damages in excess of $5,000,000 as explained below. (Ex. A, ¶ 49). Removal is proper under 28 U.S.C. § 1441 because this Court has original diversity jurisdiction over the underlying dispute pursuant to 28 U.S.C. § 1332(d)(2).

8. Venue is proper under 28 U.S.C. § 1441(a) because this Court is the district and division embracing Miami-Dade County, Florida, the location where the State Court Action is pending.

## III. JURISDICTION

9. This action is properly removable under the Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA"), because, as discussed in more detail below, (i) it is a purported class action, (ii) the putative class exceeds 100 individuals, (iii) the plaintiff is a citizen of a State different from the defendant, and (iv) the amount in controversy exceeds $5,000,000 in the aggregate, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d).

### A. This Action Meets the "Class Action" Definition Under CAFA

10. The State Court Action is a "class action." CAFA provides:

> [T]he term "class action" means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action . . . .

28 U.S.C. § 1332(d)(1)(B). CAFA further provides "[t]his subsection shall apply to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8).

11. Plaintiff filed the State Court Action as a putative class action. *See* (Ex. A ¶ 1) ("Plaintiff brings this Class Action Complaint. . . .")

12. Plaintiff also asserts that he seeks to represent a class, defined as:

> **All persons in Florida who, at any time since July 1, 2021, received a telephonic sales call made by or on behalf of Defendant using the same type of equipment used to make telephonic sales calls to Plaintiff.**

(Ex. A ¶ 23).

3

### B. The Putative Class Exceeds 100 Members

13. Plaintiff alleges that the putative class is "believed to amount to at least several thousand persons dispersed throughout Florida, . . . ." (Ex. A ¶ 31). Accordingly, the proposed class has at least one hundred members in the aggregate. 28 U.S.C. § 1332(d)(5)(b).[1]

### C. The Action Meets CAFA's Minimal Diversity Requirement

14. CAFA applies when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). "Under CAFA, federal courts now have original jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 and there is minimal diversity (at least one plaintiff and one defendant are from different states)." *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006).

15. Plaintiff alleges that she is a citizen of Florida. (Ex. A ¶ 4).

16. ExxonMobil is a corporation, incorporated under the laws of New York, with its principal place of business in Irving, Texas. (Ex. A ¶ 5; *see also* **Exhibit D,** Declaration of Durham Kyle, ¶ 3). "A corporation is considered a citizen of every state in which it has been incorporated and where it has its principal place of business." *Flintlock Const. Services, LLC v. Well-Come Holdings, LLC*, 710 F. 3d 1221, 1224 (11th Cir. 2013); 28 U.S.C. § 1332(c)(1). Accordingly, because Plaintiff is a citizen of Florida, and ExxonMobil is a citizen of New York and Texas, CAFA's minimal diversity requirement is satisfied.

### D. This Action Meets CAFA's Amount-in-Controversy Requirement

17. CAFA creates original jurisdiction for "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §

---

[1] Although the putative class proposed by Plaintiff meets the threshold for jurisdictional purposes, ExxonMobil denies that this action ultimately will prove appropriate for class treatment.

1332(d)(2). The claims of the individual class members are aggregated to determine whether the matter in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(6).

18. The amount-in-controversy analysis considers the amount the plaintiff has placed in controversy, not the amount the plaintiff is likely to recover. *McDaniel v. Fifth Third Bank*, No. 14-11615, 2014 U.S. App. LEXIS 10489, *2-*3 (11th Cir. June 5, 2014) ("[T]he plaintiff['s] likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover.") (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (emphasis in original)).

19. To satisfy this requirement, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 81 (2014); *see also Anderson v. Wilco Life Ins. Co.*, 943 F.3d 917, 925 (11th Cir. 2019).

20. Nevertheless, ExxonMobil has submitted a declaration in support of its notice of removal that demonstrates that the amount in controversy requirement is satisfied. *See* Ex. D; *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010) (To establish the amount in controversy, "[d]efendants may introduce their own affidavits, declarations, or other documentation[.]"); *id.* at 756 (noting that a "declaration by itself" can establish jurisdictional requirement); *Dudley v. Eli Lilly and Co.*, 778 F.3d 909, 917 (11th Cir. 2014) (agreeing with observation that defendant, in response to motion to remand, should not be required to produce "detailed, sales-record-by-sales-record proof" regarding the amount in controversy).

21. When determining whether the $5,000,000 threshold has been surpassed, "a court may rely on evidence put forward by the removing defendant, as well as reasonable inferences and deductions drawn from that evidence." *Anderson*, 943 F.3d at 925 (citing *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014)). Although Plaintiff's Complaint filed in the State Court Action does not specify the amount of damages Plaintiff and the class seek in total, it includes allegations that indicate the amount in controversy exceeds $5,000,000, exclusive of interests and costs. (*See* Ex. A ¶¶ 31 & 49); *see Pretka v. Kolter City Plaza II, Inc.*, 608 F. 3d 744, 754 (11th Cir. 2006) ("When the complaint does not claim a specific amount of damages, removal from state court is jurisdictionally proper ***if it is facially apparent from the Complaint that the amount in controversy exceeds the jurisdictional requirement***.") (emphasis added).

22. To that end, Plaintiff's Complaint seeks declaratory and injunctive relief, statutory damages, and attorneys' fees and costs. (Ex. A ¶ Prayer for Relief). The damages sought by Plaintiff are set forth by the FTSA, which provides for "actual damages or $500, whichever is greater." (Senate Bill No. 1120 (amending Flat. Stat. § 501.059 (10)(a)). Additionally, if the court finds that the defendant willfully or knowingly violated this the FTSA, the court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available under the FTSA. (*id.* (amending Fla. Stat. § 501.059 (10)(b)). The statute of limitations for an FTSA claim is four years. (Fla. Stat. § 95.11(3)(f))

23. Business records available to ExxonMobil reflect that between March 1, 2022 and March 8, 2023, above 10,000 text messages were sent to customers with Florida area codes. *See* Ex. D ¶ 8. Since Plaintiff seeks to recover up to the maximum statutory damages of $500 for each class member, the aggregated sum of alleged statutory damages alone therefore exceeds $5,000,000. Plaintiff's claims for attorneys' fees and injunctive relief further increase the "sum or

value" her demand places in controversy and, when taken together with the statutory damages Plaintiff demands, yields a value that satisfies the jurisdiction amount under CAFA. *See* 28 U.S.C. § 1332(d)(2); *see also Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 (11th Cir. 2003) ("The general rule is that attorneys' fees do not count towards the amount in controversy unless they are allowed for by statute or contract.").

### IV. NOTICE

24. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff's counsel and a copy is being filed with the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

25. A copy of the civil cover sheet is attached hereto.

### V. CONCLUSION

WHEREFORE, ExxonMobil respectfully requests that this matter be removed to the United States District Court for the Southern District of Florida and that this Court assume full jurisdiction over the cause herein, as provided by law, and to issue all necessary orders and process.

Dated:  March 8, 2023.

Respectfully submitted,

By:   s/ *Cory W. Eichhorn*
    Cory W. Eichhorn
    Florida Bar No. 576761
    cory.eichhorn@hklaw.com
    HOLLAND & KNIGHT LLP
    701 Brickell Avenue, Suite 3300
    Miami, FL 33131
    Telephone: (305) 374-8500
    *Counsel for ExxonMobil Oil Corporation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of March, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                  *s/Cory W. Eichhorn*
                                  Cory W. Eichhorn

## SERVICE LIST

Frank S. Hedin, Esq.
fhedin@hedinhall.com
Arun G. Ravindran
aravindran@hedinhall.com
HEDIN HALL LLP
1395 Brickell Avenue, Suite 11400
Miami, FL 33131
Telephone: (305) 357-2107
Facsimile: (305) 200-8801
*Counsel for Plaintiff*