United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Roseanne Alvarez, individually and on behalf of all others similarly situated, Plaintiffs, <br><br> v. <br><br> ExxonMobil Oil Corporation, Defendant. | ) ) ) ) ) Civil Action No. 23-20924-Civ-Scola ) ) ) ) ) |

**Order Remanding Case**

After an independent review of the record, the Court previously notified the parties that it was uncertain whether it has subject-matter jurisdiction over this action, removed by Defendant ExxonMobil Oil Corporation to this Court from state court. (Order to Show Cause, ECF No. 9.) Specifically, the Court advised the parties that the harm alleged by Plaintiff Roseanne Alvarez did not appear to be enough to allege a concrete injury-in-fact sufficient to establish standing under controlling Eleventh Circuit precedent. (Order at 2 (citing *Salcedo v. Hanna*, 936 F.3d 1162, 1172 (11th Cir. 2019).) Accordingly, the Court ordered the parties to show cause why the Court should not remand this case back to state court. Both parties have timely responded. (Def.'s Resp., ECF No. 11; Pl.'s Resp., ECF No. 12.) Exxon urges the Court to stay this case, rather than remand it, because, Exxon says, the Eleventh Circuit will be revisiting this very standing issue after granting a hearing *en banc* in *Drazen v. Pinto*, No. 21-10199, 2023 WL 2468505 (11th Cir. Mar. 13, 2023). (Def.'s Resp. at 2–3.) Alvarez, on the other hand, points out that, regardless of the relevance or outcome of the *en banc* hearing in *Drazen*, at the time of Exxon's removal, the Court lacked jurisdiction under binding Eleventh Circuit precedent. (Pl.s Resp. at 6.) Further, says Alvarez, staying this case now, to await the outcome of the *Drazen* rehearing, would unfairly stall her case. (*Id.* at n. 4.) After considering the record, the briefing, and the relevant legal authorities, the Court agrees with Alvarez and **remands** this case back to state court.

An "irreducible constitutional minimum," Article III standing ensures that each plaintiff is "a proper party to invoke judicial resolution of [a] dispute and the exercise of the court's remedial powers." *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992); *see also Ladies Mem. Assoc., Inc. v. City of Pensacola, Fla.*, 34 F.4th 988, 994 (11th Cir. 2022). Standing requires a plaintiff to allege (1) an "injury in fact," (2) that the injury is "fairly traceable" to

the defendant's actions, and (3) that the injury would "likely" be "redressed by a favorable decision." *See Lujan*, 504 U.S. at 560–61. In removal cases, the defendant—as the party invoking the jurisdiction of the federal courts—bears the burden of establishing standing. *See Mack v. USAA Cas. Ins. Co.*, 994 F.3d 1353, 1356 (11th Cir. 2021). Further, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly," *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999), and, importantly, "uncertainties are resolved in favor of remand," *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Notably, in "[c]ases removed from state to federal court under 28 U.S.C. § 1447(c) . . . the district court must look at the case *at the time of removal* to determine whether it has subject-matter jurisdiction." *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1244 (11th Cir. 2007) (emphasis added). Finally, because the "standing doctrine stems directly from Article III's 'case or controversy' requirement," it "implicates [a federal court's] subject matter jurisdiction." *Mack*, 994 F.3d at 1356 (cleaned up).

In *Salcedo v. Hanna*, the Eleventh Circuit determined that a plaintiff who pleads receipt of a single text message which caused injuries such as "wast[ing] time," making his phone "unavailable for otherwise legitimate pursuits," and "invasion of Plaintiff's privacy and [a deprivation of his] right to enjoy the full utility of his cellular device" does not meet the threshold concreteness requirement for Article III standing set forth in *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016). 936 F. 3d 1162, 1167 (11th Cir. 2019). At the time of Exxon's removal of this case, and even at present, *Salcedo* remains the law of the Circuit. Accordingly, the Court finds it lacks subject-matter jurisdiction over Alvarez's claims in this case.

And while it is entirely possible that the *Drazen* panel will ultimately decide that *Salcedo* was wrongfully decided, that was not the lay of the land when this case was removed and it's not the lay of the land right now. And, notably, while Exxon urges the Court to stay this case, rather than remand it, it never provides any binding authority or even any argument that remand would be improper. Ultimately, the Court agrees with Alvarez that, under the particular procedural posture of this case, which involves solely a Florida statute, staying this litigation to await the Eleventh Circuit's decision would be inefficient. Exxon has not identified anything that would prevent it from re-removing this case should the Eleventh Circuit eventually determine that Article III standing is indeed triggered based on the kinds of allegations Alvarez has set forth. *Cf. Calta v. Vision Solar FL, LLC*, 8:22-CV-897-CEH-MRM, 2022 WL 17730114, at *6 (M.D. Fla. Dec. 16, 2022) ("[A] CAFA defendant who fails to meet its burden for removal at the early stages of litigation may re-remove to

the federal courts later, after a fuller record has been developed in discovery in state court."). On the other hand, if the Eleventh Circuit ultimately leaves *Salcedo* undisturbed, Alvarez's case, raising only state-law claims, will have been needlessly stalled in federal court for months, if not longer.

Accordingly, the Court **remands** this case to state court. The Court **directs** the Clerk to **close** this case and take all necessary steps to ensure the prompt remand of this matter and the transfer of this file back to the **Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County**. Any pending motions are **denied as moot**. The Court also **lifts** the stay it imposed when it issued its order to show case.

**Done and ordered** at Miami, Florida on April 21, 2023.

Robert N. Scola, Jr.
United States District Judge